IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| V. | §    CRIMINAL NO. A-97-CR-57 JRN |
| | § |
| MICHAEL DEAN FAVER | § |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE JAMES R. NOWLIN
         SENIOR UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended. The Court conducted a hearing on July 14, 2010, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I.   PROCEDURAL BACKGROUND

On July 8, 1997, Judge James R. Nowlin sentenced the Defendant to 144 months of imprisonment, followed by three years of supervised release, on each count of a three count indictment charging the Defendant with bank robbery in violation of 18 U.S.C. § 2113(a). The Defendant was released from the Bureau of Prisons on October 2, 2009, and began supervision at that time.

The Defendant transitioned from imprisonment well. He resided at a halfway house in San Antonio, and received that facility's award for resident of the year. He was employed at Goodwill Industries while at the halfway house, saved his earnings, and then found work with Transcom as

he moved out of the halfway house and into an apartment. He also was paying $25 per month toward his restitution during this time. Things were going well until March 2010, when he lost his job. The last contact the probation office had with the Defendant was on March 12, 2010. Based on his failure to report, on May 13, 2010, Judge Nowlin authorized the issuance of a warrant. The Defendant was arrested in Utah on June 2, 2010, when he was stopped for a minor traffic violation. He was then transferred to this district, and had his initial appearance in this district on July 6, 2010.

On July 14, 2010, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the charges against him.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to make the decision to plead true to the complaint.

2. The Defendant had both a factual and rational understanding of the proceedings against him.

3. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4. The Defendant has not had any injury that would affect his judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of his plea.

5. The Defendant was sane and mentally competent to stand trial for these proceedings.

6. The Defendant was mentally competent to assist his attorney in the preparation and conduct of his defense.

7. The Defendant received a copy of the Petition naming him, and he read it.

8. The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

9. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

13. The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14. The Defendant violated conditions of his supervised release by: (1) failing to report to the probation office as required; (2) failing to report a change in address to his probation officer; and (3) failure to participate in counseling sessions as required.

## III. RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant. While the Court is concerned by the Defendant's absconding, the Defendant has otherwise done well on supervision after a lengthy term of imprisonment. The Defendant has been in custody since his arrest in Utah from June 2, 2010, to the present, and that is sufficient punishment for absconding. There is no evidence that the Defendant engaged in any criminal conduct while in absconder status, nor is there any evidence that he has used controlled

substances during his supervision (indeed, while he was reporting all urinalyses were negative). Accordingly, the Court believes that the Defendant's supervision should be CONTINUED, with a modification to the Defendant's conditions as follows:

1. The Defendant shall reside at a Community Corrections Center for a period up to 12 months, at the direction of the probation office. He shall observe the rules of that facility, and he may be required to contribute to the costs of services rendered (co-payment) in an amount to be determined by the Probation Officer, based on his ability to pay.

Finally, the Court warned the Defendant that because he was being given a second chance, if he again violated his conditions, the Court would have no choice but to enforce its orders with more serious sanctions.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it. The Clerks is ORDERED to mail each Party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 16th day of May, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE